The order below is hereby signed.

Signed: January 11 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# eachUNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| In re: | Case No. 21-00213-ELG |
|---|---|
| **William Lloyd Firth,** Debtor. | Chapter 13 |
| **Garrett Medeiros,** Plaintiff, | Adv. Pro. 21-10022-ELG |
| v. | |
| **William Lloyd Firth,** Defendant. | |

### MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

Before the Court is the *Motion to Dismiss [Amended] Complaint for Failure to State a Claim on Which Relief May Be Granted* (the "Motion to Dismiss") (ECF No. 27), filed by William Lloyd Firth (the "Debtor") and the opposition (the "Opposition") filed by Garrett Medeiros (the "Plaintiff") (ECF No. 28). The Motion to Dismiss seeks dismissal of the Plaintiff's *First Amended Complaint to Determine Nondischargeability of Debt* (the "Complaint") (ECF No. 25) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Debtor argues that the relief sought under

---

[1] The "Civil Rules," and each individually a "Civil Rule." Made applicable pursuant to Federal Rule of Bankruptcy Procedure 7012 (the "Bankruptcy Rules," and each individually a "Bankruptcy Rule").

1

Count II, brought pursuant to § 523(a)(6) of the Bankruptcy Code,[2] is inapplicable in the Debtor's chapter 13 case, and therefore the Complaint fails state a claim under Count II and should be dismissed. With respect to Count I, brought under § 1328(a)(4), the Debtor argues that because the personal injuries alleged by the Plaintiff in the Complaint were not physical injuries, the Plaintiff fails to make a claim for a "personal injury," as that term is used in the subsection. The Debtor does not allege that the Complaint fails to state a claim under § 1328(a)(4) on any more expansive definition of "personal injury." *See* Mot. Dismiss at 4, ECF No. 27. In the Opposition, the Plaintiff argues that a "personal injury" under § 1328(a)(4) is not limited to physical injury, but instead encompasses any injury to a person and therefore the Complaint states a claim for relief. Opp'n at 3, ECF No. 28. Thus, if the Court finds that a "personal injury" includes non-physical personal injuries, the Debtor's Motion to Dismiss will fail. As a result, on both counts, the issue before the Court is not the sufficiency of the facts pled in support of each count, but a legal question as to whether the Complaint has sufficiently alleged causes of action for which the Plaintiff may be entitled to relief.

Before the Court can address the sufficiency of the causes of action pled, a brief review of the material facts is necessary.[3] Because this is a motion under Civil Rule 12(b)(6), the Court construes well pled facts in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). The Complaint for nondischargeability stems from a series of legal proceedings in Florida originating in 2011 (the "Florida Litigation"). *See* Am. Compl. ¶¶ 81, 99–101, ECF No. 25. The Florida Litigation ultimately resulted in a civil judgment entered in favor of the Plaintiff against the Debtor on October 9, 2018 for the injuries caused to

---

[2] 11 U.S.C. § 101–1532 (as amended, the "Bankruptcy Code"). All section references herein shall be the Bankruptcy Code unless specifically stated otherwise.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

the Plaintiff as a result of two counts of civil conspiracy to commit malicious prosecution in the amount of $587,537.40 plus post-judgment interest at the rate of 5.72% per annum (the "Judgment"). *Id*. at ¶ 51. The Complaint seeks an order that the Judgment is nondischargeable under § 1328(a)(4), or, pled in the alternative, in the event the Debtor's case is reconverted to chapter 7, under § 523(a)(6).

For the reasons more fully set forth herein, the Court GRANTS the Motion to Dismiss as to Count II and DENIES the Motion to Dismiss as to Count I.

Analysis

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Civil Rule 12(b)(6), incorporated herein by Bankruptcy Rule 7012, provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. To withstand a motion to dismiss pursuant to Civil Rule 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, establish "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

Except in extraordinary circumstances, a motion to dismiss under Civil Rule 12(b)(6) is evaluated solely with respect to whether the allegations contained in the complaint and any exhibits contain a plausible claim for relief, without the introduction of defenses to the claim, and without further supplementation to the record. *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). When considering whether a complaint adequately states a claim for relief under Civil Rule 12(b)(6), the court must apply the pleading standards established by Civil Rule 8. Fed. R. Civ. P. 8. Civil Rule 8, made applicable to this adversary proceeding by Bankruptcy Rule 7008,

requires that a "short and plain statement of the claim showing that the pleader is entitled to relief" be included in any pleading asserting a claim for relief. Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. As stated above, the Motion to Dismiss does not raise the sufficiency of the facts pled in the Complaint, but rather argues that, even accepting all allegations pled as true, the Complaint fails to sufficiently plead causes of action under § 1328(a)(4) and § 523(a)(6). The Court will address these in reverse order.

    i.    *Count II – § 523(a)(6).*

While the Debtor's case was originally filed under chapter 7, it was converted to and remains pending under chapter 13. In the usual chapter 13 case, a chapter 13 debtor obtains a discharge pursuant to § 1328(a) after completion of all plan payments. *See, e.g.*, *Toste v. Smedberg*, Case No. EC-13-1266-TaJuKu, 2014 Bankr. LEXIS 3441, *6 (B.A.P. 9th Cir. Aug. 12, 2014). A discharge under § 1328(a) is broader than that available to a debtor in chapter 7 under § 727(a), discharging some claims that § 523(a) would make nondischargeable in other contexts. *Compare* 11 U.S.C. § 1328(a), *with* 11 U.S.C. § 727; *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 268 (2010) (explaining a chapter 13 discharge "is broader than the discharge received in any other chapter."). Claims under the § 523(a)(6) exception to discharge for willful and malicious injury are not one of categories of claims excepted from a chapter 13 discharge under § 1328(a). *See* 11 U.S.C. § 1328(a)(2).

In chapter 13, § 523(a)(6) may become relevant if a debtor seeks a hardship discharge under § 1328(b). *See* 11 U.S.C. § 1328(c). Bankruptcy Rule 4007(d) protects a creditor who may wish to pursue a § 523(a)(6) claim in the case of a hardship discharge by providing that the court shall enter an order providing no less than 30 days' notice of a deadline to file such a complaint after the filing of a motion for hardship discharge and not prior. Fed. R. Bankr. P. 4007. The Debtor's

4

chapter 13 plan was only confirmed in December 2022, distributions have just commenced, and a motion for hardship discharge has not been filed. Thus, any request for relief under § 523(a)(6) is presently moot in this case. As a result, no case or controversy currently exists before the Court as to the claim under § 523(a)(6) and the Court lacks jurisdiction to adjudicate the relief requested in Count II. *See Toste*, 2014 Bankr. LEXIS 3441 at *8; *Mann v. Hahn*, 167 B.R. 693, 694–95 (Bankr. N.D. Ga. 1994).

The Plaintiff asks the Court not to dismiss Count II, but rather to stay the count in the event that the Debtor reconverts to chapter 7 in the future. *See* Am. Compl. at 19, ECF No. 25. Bankruptcy Rule 4007(c) gives a creditor until 60 days after the first date set for the § 341 meeting of creditors to file a complaint to determine the dischargeability of, *inter alia*, a debt under § 523(a)(6). Fed. R. Bankr. P. 4007(c). The Plaintiff timely filed a complaint for determination of the nondischargeability of a debt under § 523(a)(6) in this case prior to conversion to chapter 13. *See* Complaint to Determine Nondischargeability of Debt (Nov. 22, 2021), ECF No. 1 (the "Original Complaint"). The concern is whether the Plaintiff would be able to reassert the same claim if the case is reconverted to chapter 7.

Bankruptcy Rule 1019 provides for new filing periods for deadlines set in Bankruptcy Rule 4007 in situations where a case is converted from one chapter to another, providing in relevant part:

> When a . . . chapter 13 case has been converted or reconverted to a chapter 7 case: . . . A new time period for filing . . . a complaint to obtain a determination of dischargeability of any debt shall commence under Rule[] . . . 4007, but a new time period shall not commence if a chapter 7 case had been converted to a chapter . . . 13 case and thereafter reconverted to a chapter 7 case and the time for filing . . . a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Fed. R. Bankr. P. 1019(2)(A). The prohibition in the rule to a new filing deadline in reconverted cases is intended to avoid providing a second deadline to parties who had a full opportunity to file

5

a complaint in the original period under chapter 7 but failed to do so. *See Mann*, 167 B.R. at 696. That is not the situation in this case. The Plaintiff timely filed his Original Complaint prior to the conversion to chapter 13, and, therefore as to the relief requested in the Original Complaint, the time for filing the complaint never "expired." *In re Webb*, Case No. 05-73224, 2009 Bankr. LEXIS 108, *9 (Bankr. C.D. Ill. Jan. 22, 2009) ("[C]reditors and parties in interest who did preserve their rights prior to the expiration of the original deadline . . . may seek and be granted such relief in the reconverted case."). Thus, if this case were to be reconverted to chapter 7, the Plaintiff would be provided a new time period under Bankruptcy Rule 4007 to either refile or amend the Complaint to once again include an action under § 523(a)(6). Interpreting Bankruptcy Rule 1019 otherwise would create a loophole where a debtor could file chapter 7, wait for a § 523(a)(6) complaint to be filed, convert to chapter 13 and have the complaint dismissed, and then simply reconvert to chapter 7. *See Mann*, 167 B.R. at 696 (discussing similar loophole for actions brought under § 727(a)(8) where a debtor could then obtain a chapter 7 discharge within 6 (now 8) years of a previous chapter 7 discharge). The Court agrees that Rule 1019(2) was not intended to be used in such a manner. *Id*. at 697.

Therefore, the Court GRANTS the Motion to Dismiss as to Count II - § 523(a)(6) without prejudice upon a future reconversion of the Debtor's case to chapter 7 to Plaintiff's ability to either amend the Complaint to include a restated claim under § 523(a)(6) or to file a further complaint for relief under § 523(a)(6).

    ii.    *Count I – § 1328(a)(4)*

While in the Motion to Dismiss the Defendant identifies a narrow scope of facts the Defendant alleges are relevant to Count I - § 1328(a)(4), the Court must review all well-pled allegations in the Complaint in the light most favorable to the Plaintiff. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 557, 570 (2007). Although including a limited number of factual allegations, the Motion to Dismiss is not based on the sufficiency of the factual allegations in the Complaint, but instead focuses solely on the issue of the applicable definition of "personal injury" as the term is used in § 1328(a)(4). Both the Debtor and the Plaintiff concede in their pleadings that there is no authority—controlling or persuasive—in this Circuit on this question. *See* Mot. Dismiss at 4, ECF No. 27; Opp'n at 11–12, ECF No. 28. The injuries alleged in the Complaint upon which the Judgment was entered relate to non-physical injuries resulting in a judgment for civil conspiracy to commit malicious prosecution. Opp'n at 14. Therefore, if the definition of "personal injury" is limited to physical/bodily personal injuries as urged by the Defendant, the Complaint would fail to state a cause of action under § 1328(a)(4).

Section 1328(a)(4) was enacted as part of the amendments made to the Bankruptcy Code through BAPCPA,[4] and the term "personal injury" is not defined in either Title 11 or Title 28 (which provides the jurisdictional basis for Title 11). There are three primary approaches to interpretation of the term "personal injury" that have arisen since the enactment of § 1328(a)(4). First, there is the narrow approach urged by the Defendant, which requires actual physical/bodily personal injury. *See, e.g.*, *Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D. Va. 2006). Second, the middle (and majority) approach includes non-physical personal injuries but excludes solely business or financial injuries. *See, e.g.*, *Adams v. Adams (In re Adams)*, 478 B.R. 476, 486–88 (Bankr. N.D. Ga. 2012) ("'Personal injury' distinguishes injuries to an individual from injuries to property. And Congress could have limited 'personal injury' to personal *bodily* or *physical* injury, but Congress did not."). This middle approach includes torts involving both bodily and reputational harm. *See Elkes Dev., LLC v. Arnold (In re Arnold)*, 407 B.R. 849,

---

[4] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, 119 Stat. 23 (codified as amended in scattered sections of 11 U.S.C.).

852 (Bankr. M.D.N.C. 2009). Finally, the third approach (the other minority position), is the broad approach, which includes business and financial torts if they are defined as personal injury torts under non-bankruptcy law. *See*, *e.g.*, *Gary Brew Enters. Ltd.*, 198 B.R. 616, 618–19 (Bankr. S.D. Cal 1996) (holding that a claim for relief under 42 U.S.C. § 1983 is a personal injury tort claim).

After considering each of the three approaches as to what constitutes a "personal injury" under § 1328(a)(4), the Court agrees with the majority, and concludes that the middle approach is correct standard. The narrow approach reads language into § 1328(a)(4) that does not exist. Congress knew how to say "personal bodily injury" when it wanted (e.g., § 522(d)(11)), and the Court should not read language into the Bankruptcy Code that does not otherwise exist. *Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 160 (Bankr. Ct. 2002). The same is true for the broad approach. Congress knew how to distinguish between injury to a person and injury to a person's property. Only the former is included in § 1328(a)(4), and the definition should not be read so broadly as to include those claims that Congress purposefully excluded. *See Adams*, 478 B.R. at 486 (comparing § 523(a)(6) exception for "willful and malicious injury by the debtor to another entity or to the property of another entity" with the § 1328(a)(4) exception for damages for "personal injury to an individual or the death of an individual.") Therefore, the Court adopts the definition of "personal injury" in § 1328(a)(4) to exclude injuries to property and business and financial torts, but to include nonphysical injuries such as defamation, emotional distress, libel, and other types of reputational harm.

The Court's inquiry then turns to whether the Complaint, as pled, alleges damages for a personal injury under the adopted standard. The Judgment in this case is a Florida state court judgment for civil conspiracy to commit malicious prosecution. *See* Am. Compl. at ¶ 51, ECF No. 25; Final J. Against Def. Llyod Firth, ECF No. 1–3. Under Florida law, a civil conspiracy occurs

when "two or more persons combine to accomplish, by concerted action, either an unlawful act or an act that, although not in itself unlawful, is accomplished by unlawful means." *Kilgore Ace Hardware, Inc. v. Newsome*, 352 So. 2d 918, 920 (Fla. Dist. Ct. App. 1977). However, Florida does not recognize civil conspiracy as a freestanding tort. *Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.'"). Instead, Florida courts rely upon the underlying civil wrong occurring pursuant to the conspiracy, which results in the plaintiff's damages. *See id*. Therefore, a civil conspiracy claim is derivative in nature, and the underlying action must be an actionable tort. *Churruca v. Miami Jai-Alai, Inc.* 353 So. 2d 547, 550–51 (Fla. 1977).

To evaluate whether the Judgment stems from a qualifying personal injury claim for purposes of § 1328(a)(4), the Court must evaluate Florida law on malicious prosecution. Under Florida law, in order to prevail in a malicious prosecution action, a plaintiff must establish that:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986) (citations omitted). Similar to defamation or libel, malicious prosecution results in an injury to the reputation of the plaintiff. Therefore, on the narrow question posed in the Motion to Dismiss, the Court finds that the Complaint sufficiently pleads a "personal injury" as that term is used in § 1328(a)(4) and DENIES the Motion to Dismiss as to Count I - § 1328(a)(4).

9

**Conclusion**

Accordingly, it is ORDERED that Defendant's Motion to Dismiss is granted in part and denied in part as described above. Plaintiff states a claim for relief under § 1328(a)(4) under the adopted definition of "personal injury" in that section. Plaintiff has failed to state a claim under § 523(a)(6) as the issue is moot in chapter 13, and there is not a case or controversy for the Court to decide.

[Signed and dated above.]

Service to: All counsel of record.